UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-03753 DMG (RZx)** | Date | May 31, 2013 |
|---|---|---|---|

| Title | ***Gilbert Krupin LLC v. Catlin Specialty Insurance Co., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 15, 2013, Plaintiff Gilbert Krupin LLC filed a Complaint in Los Angeles County Superior Court against Defendants Catlin Specialty Insurance Company and Does 1 through 50. (Not. of Removal, Ex. A ("Compl.") [Doc. # 1].) The Complaint raises exclusively state law causes of action arising out of Catlin's alleged failure to indemnify Plaintiff in a related civil action. (*Id.*) The Complaint alleges that Plaintiff is a citizen of California, and that Defendant Catlin is "a corporation duly organized and existing under the laws for the State of California. (Compl. ¶¶ 2.) On May 24, 2013, Catlin filed a Notice of Removal to this Court. Catlin alleges that, because it is wholly owned by Catlin, Inc., a Delaware corporation, it is a citizen of Delaware and is thus completely diverse from Plaintiff. (Not. of Removal ¶ 6.)

To establish jurisdiction based on diversity of citizenship, Catlin must prove "complete diversity between the parties," namely, that each Defendant is a citizen of a different state than Plaintiff. *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Under 28 U.S.C. § 1332(c)(1), a corporation is deemed "a citizenship of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The Supreme Court has held that this jurisdictional rule is "unambiguous" and "is not amenable to judicial enlargement." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94, 126 S. Ct. 606, 616, 163 L. Ed. 2d 415 (2005). Accordingly, that Catlin is wholly owned by a citizen of Delaware is irrelevant. Catlin is only a citizen of Delaware if it is incorporated under Delaware law or has its principal place of business there. Because the Complaint alleges that Catlin is incorporated in California, Catlin has not borne its burden of establishing that diversity exists among the parties.[1]  *See Geographic*

---

[1] Catlin has also failed to adequately plead Plaintiff's citizenship. As a limited liability company, Plaintiff is a citizen of every state of which its members or owners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant only pleads that Plaintiff is a California limited liability company with its principal place of business in Beverly Hills, California. (Not. of Removal ¶ 7.)

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-03753 DMG (RZx) | Date | May 31, 2013 |
|---|---|---|---|

| Title | *Gilbert Krupin LLC v. Catlin Specialty Insurance Co., et al.* | Page | 2 of 2 |
|---|---|---|---|

*Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (removing party has the burden of demonstrating diversity).

There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc.*, 599 F.3d at 1107 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). Accordingly, Catlin is **ORDERED TO SHOW CAUSE** by no later than **June 14, 2013** why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**